FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERT JAMES REEVES, III,<br><br>                    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | NO. 2:25-CV-0503-TOR<br><br>ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION |

BEFORE THE COURT is Petitioner's Writ of Habeas Corpus Petition (ECF No. 1) and response to the Court's request for recharacterization, amendment or withdrawal of Petitioner's Writ of Habeas Corpus Petition under 28 U.S.C. § 2241.

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 challenging the constitutionality of his sentence. ECF No. 1. Petitioner, an inmate who is currently housed at the Clallam Bay Corrections Center has paid the filing fee to initiate this action. ECF No. 1.

The Court's previous Order addressed the issues of jurisdiction and characterization of this Petition. ECF No. 9. Petitioner was provided with the

ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION ~ 1

opportunity to either approve or contest recharacterization of Petitioner's petition under 28 U.S.C. § 2241 to a 28 U.SC. § 2255 motion, amend his petition before recharacterization to allege all § 2255 claims, or withdraw his petition.  ECF No. 9.  Since the Court issued that Order, Petitioner has filed numerous responses.  ECF Nos. 10; 15; 17-18.  Additionally, the Order clarified that the Court cannot hear this Petition under § 2241 due to insufficient facts.  ECF No. 9.

While this Court is the correct Court to hear an initial § 2255 motion, Petitioner denied recharacterization of his petition to his criminal case as a § 2255 motion.  *United States v. Frady*, 456 U.S. 152, 182 n.6 (1982) (stating a civil case is not the proper method for a § 2255 motion because a § 2255 motion is a continuation of a criminal case, not a separate civil case).

Section "2255(e) bars a federal prisoner from proceeding under § 2241 'unless ... the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones v. Hendrix*, 599 U.S. 465, 469 (2023).  This clause, called the savings clause, is met if the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." § 2255(e); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

Petitioner responds that he wishes to move forward under § 2241.  ECF No. 10.  Petitioner alleges that his felony possession of a firearm was unconstitutional

ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION ~ 2

under *United States v. Williams*, 807 F. Supp. 3d 853 (S.D. Ill. 2025) and *United States v. Worster*, 765 F. Supp. 3d 112, 127 (D.R.I.).  Petitioner argues that because these decisions were filed after his conviction that he has a right to dismissal of his guilty plea.  ECF No. 10.  Additionally, Petitioner continues that he was incorrectly sentenced because he was not charged in federal or state court and he did not agree to supervised release based on his guilty plea.  ECF No. 17.

Petitioner argues that he could not bring his claim under a § 2255 motion under his criminal case due to the one-year limitation.  ECF No. 1 at 4.  Section 2255 states there is a one-year limitation applicable to this motion and the period starts from the latest of four possible dates.  These dates are:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A § 2255 motion contemplates the situation where the Supreme Court recognizes a new right after the conviction becomes final.  However, this limitation does not recognize a situation regarding an issued decision from a district court

ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION ~ 3

after a petitioner's conviction becomes final.  As previously stated, a procedural time requirement under the statute does not render the motion inadequate or ineffective. *Alaimalo v. United States*, 645 F.3d 1042, 1062 (9th Cir. 2011) (Korman, J., dissenting) (stating that conditions to a § 2255 remedy does not render it inadequate or ineffective to invoke the savings clause) (citing *Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003)).  As a result, Petitioner has not demonstrated that a § 2255 was inadequate or ineffective to trigger the availability of a § 2241 petition under the savings clause of § 2255.  Petitioner's other arguments fail for the same reason.

Petitioner has not filed a § 2255 motion under his criminal case, denied recharacterization, and this Petition does not allege facts under the savings clause of § 2255.  Accordingly, Petitioner's Petition must be dismissed.  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *See Jones v. Hendrix*, 599 U.S. 465, 480 (2023).

/

/

/

/

/

/

ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner's Writ of Habeas Corpus Petition (ECF No. 1) is

   **DISMISSED.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, furnish copies to Petitioner, and **CLOSE** the file.

DATED August 4, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION ~ 5